IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARVIN L. MILLS,

    **Plaintiff,**

    v.

STATE CORPORATION COMMISSION OF
THE STATE OF KANSAS a/k/a KANSAS
CORPORATION COMMISSION,

    **Defendant.**

Case No. 2:20-CV-02626-JAR-TJJ

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Kansas Corporation Commission's Motion for Determination of Trial (Doc. 12), which requests that the Court designate Topeka, Kansas as the place of trial rather than Kansas City, Kansas, which Plaintiff Marvin Mills designated as the trial location in his Complaint. The motion is fully briefed, and the Court is prepared to rule. For the reasons set forth below, Defendant's motion granted.

**I.**    **Factual Background**

Defendant is an agency of the State of Kansas that regulates natural gas, electricity, telephone companies, pipeline companies, and common carriers. Defendant has locations in Hays, Wichita, and Topeka, Kansas. Plaintiff worked for Defendant as an Environmental Compliance/Regulatory Specialist from June 2007 to June 2019, when he was forced to resign his employment due to health problems. This action arises out of Defendant's alleged discriminatory failure to rehire Plaintiff in August 2019 for his former position. Plaintiff filed suit on December 10, 2020, bringing claims against Defendant under the Fifth and Fourteenth Amendments to the United States Constitution; Sections 1 and 18 of the Kansas Bill of Rights; 42 U.S.C. § 1988; the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.;

and the Kansas Age Discrimination in Employment Act, K.S.A. § 44-1111 *et seq*.  Plaintiff designated Kansas City as the place of trial in his Complaint.[1]

At all times relevant to this action, Plaintiff was a resident of Hays, Kansas, and he "worked for the defendant in the area around Hays, Ellis County, Kansas."[2]  Most of the records pertinent to this action are therefore physically located in or around Hays, though some may be maintained at Defendant's locations in Wichita and Topeka.  Plaintiff's counsel is located in Kansas City, Kansas, while Defendant's counsel is located in Topeka.  The parties have agreed to exchange discovery by electronic means.

The distance from Plaintiff's residence and Defendant's office in Hays to the federal courthouse in Kansas City is approximately 260 miles, whereas the distance between these locations in Hays and the federal courthouse in Topeka is approximately 200 miles.[3]  The distance between Defendant's office in Wichita and the Kansas City courthouse is approximately 200 miles, while the distance between Defendant's Wichita office and the Topeka courthouse is approximately 140 miles.  Finally, the distance between Defendant's office in Topeka and the Topeka courthouse is approximately seven miles, while the distance from its Topeka office to the Kansas City Courthouse is about 70 miles.

## II.     Legal Standard

Defendant moves to designate Topeka as the place of trial pursuant to D. Kan. Rule 40.2(e).  While a plaintiff's request governs the place of trial unless the court orders otherwise,[4] "[t]he court is not bound by the requests for place of trial.  It may determine the place of trial

---

[1] Doc. 1 at 1−2.

[2] *Id.* at 13.

[3] The Court takes judicial notice of the approximate distances stated herein, which have been calculated using Google Maps and are not disputed by the parties.  *See* Docs. 13-1−13-4.

[4] D. Kan. R. 40.2(a).

upon motion or in its discretion."[5]  Because Kansas constitutes one judicial district and division, 28 U.S.C. § 1404(a), which governs change of venue, is not applicable on its face to Defendant's request for intra-district transfer.[6]  However, when considering a motion for intra-district transfer, courts in this district look to the same factors used to analyze a request for change of venue under § 1404(a).[7]  That statute provides, in pertinent part, that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[8]

The factors considered by the court when conducting a § 1404(a) analysis include the plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the possibility of obtaining a fair trial, difficulties that may arise from congested dockets, and "all other considerations of a practical nature that make a trial easy, expeditious and economical."[9]  Section 1404(a) "grants a district court broad discretion in deciding a motion to transfer based on a case-by-case review of convenience and fairness."[10]  The burden of establishing that the existing forum is inconvenient lies with the moving party.[11]  The Court considers below the arguments raised by the parties in support of their preferred trial locations.

---

[5] D. Kan. R. 40.2(e).

[6] *See Twigg v. Hawker Beechcraft Corp.*, No. 08-2632-JWL, 2009 WL 1044942, at *1 n.1 (D. Kan. Apr. 20, 2009).

[7] *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *1 (D. Kan. Dec. 2, 2014) (quoting *Twigg*, 2009 WL 1044942, at *1).

[8] 28 U.S.C. § 1404(a).  Under § 1404(c), "[a] district court may order any civil action to be tried at any place within the division in which it is pending."

[9] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

[10] *McDermed*, 2014 WL 6819407, at *1 (citing *Chrysler Credit Corp.*, 928 F.2d at 1516).

[11] *Scheidt*, 956 F.2d 963, 965 (10th Cir. 1992) (citing *Chrysler Credit Corp.*, 928 F.2d at 1515).

**III.    Analysis**

    **A.    Plaintiff's Choice of Forum**

While a plaintiff's choice of forum "should rarely be disturbed,"[12] the plaintiff's choice receives little deference when the plaintiff does not reside in his or her chosen forum.[13] This is because "'the rationale for allowing the plaintiff to dictate the forum evaporates' when the plaintiff lives outside of the forum."[14] Further, "courts have given little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum."[15]

Plaintiff has designated Kansas City as the place of trial. As set forth above, however, Plaintiff does not reside in Kansas City; rather, he resides in Hays, which is approximately 260 miles from the Kansas City courthouse. Nor does Kansas City have a meaningful connection to the events giving rise to this lawsuit, as Plaintiff worked for Defendant—and applied to be rehired by Defendant—in Hays. In fact, Plaintiff concedes that "[t]he primary issues and evidence will relate to the position that would have been in Hays, Kansas, the Plaintiff's job performance in Hays, Kansas and the actions and conduct of the Defendant and its agents," none

---

[12] *Id.* (citations omitted).

[13] *See Menefee v. Zepick*, No. 09-1227-JWL, 2009 WL 1313236, at *1 (D. Kan. May 12, 2009) (first citing *Spires v. Hosp. Corp. of Am.*, No. 06-2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006); and then citing 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3848 (3d ed. 2007)); *Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834919, at *2 (D. Kan. June 26, 2007) (collecting cases).

[14] *Benson*, 2007 WL 1834919, at *1 (first citing *Spires*, 2006 WL 1642701, at *2; and then citing *Barnes & Noble Booksellers, Inc. v. Town Center Plaza, LLC*, No. 05-2011-CM, 2005 WL 2122803, at *2 (D. Kan. May 18, 2005)).

[15] *McIntosh v. City of Wichita*, No. 14-2402, 2015 WL 1646402, at *2 (D. Kan. Apr. 14, 2015) (quoting *McDermed*, 2014 WL 6819407, at *2).

of which are in Kansas City.[16]  Given the foregoing, Plaintiff's choice of forum is entitled to minimal weight here.

### B. Convenience and Accessibility of Witnesses and Other Sources of Proof

In deciding a motion to transfer under § 1404(a), "the relative convenience of the forum is a primary, if not the most important, factor to consider."[17]  The moving party must establish that the proposed forum is "substantially inconvenient," meaning that "all or practically all the witnesses reside in a different forum and traveling to the proposed forum is a substantial burden."[18]

Defendant argues that trial should take place in Topeka rather than Kansas City because the parties and almost all of the key witnesses in this case reside and/or work in or around Hays, Wichita, or Topeka.  Specifically, Defendant states that of the twenty-one witnesses listed in the parties' initial disclosures, ten are located in Hays, five are located in Wichita, five are located in Topeka, and one is located in Dodge City, Kansas.  Plaintiff's ex-supervisor and co-workers are located in Hays; officials who could speak to Plaintiff's past performance and the requirements of the position for which he was not hired are located in Wichita; and Defendant's Human Resources Director is located in Topeka.  In contrast, there are no anticipated witnesses located in Kansas City.  Thus, Defendant contends that the convenience of the witnesses and easier access to other sources of proof weigh "more heavily in favor of Topeka as the place of trial for this action."[19]

---

[16] Doc. 15 at 4−5.

[17] *Menefee*, 2009 WL 1313236, at *2 (citing *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)); *see also McDermed*, 2014 WL 6819407, at *2 ("In deciding a motion to transfer under § 1404(a) the convenience of the witnesses is the most important factor." (citation omitted)) .

[18] *McIntosh*, 2015 WL 1646402, at *2 (citing *Menefee*, 2009 WL 1313236, at *2).

[19] Doc. 13 at 6.

The Court agrees that Kansas City is substantially inconvenient because all of the witnesses reside in a different forum and would have to travel up to 120 extra miles round trip for trial in Kansas City versus Topeka (and possibly incur the cost of a hotel room).  The Court is not persuaded by Plaintiff's arguments that the extra mileage and inconvenience to these witnesses is insufficient to outweigh the preference owed to Plaintiff's choice of forum and the potential for prejudice were the trial to be conducted in Topeka, as discussed below.  Under this factor, Defendant has established that Kansas City is substantially inconvenient, and that Topeka would be a more convenient trial location.

### C.      Possibility of Obtaining a Fair Trial

Plaintiff's primary argument against holding the trial of this matter in Topeka—the Kansas state capitol—is the potential for prejudice.  Plaintiff argues that Defendant

> is a known entity in Topeka . . . and, like other state agencies, part of the main employment in Topeka . . . .  The jury pool for selection would most likely contain numerous state government employees or relatives of the same who with budgetary issues, etc. would not be inclined to award a verdict or a verdict of any substantial size against a State agency.[20]

Defendant counters that the population of Topeka is approximately 126,000, and that even if the jury pool contains state employees, they could be dismissed to eliminate any potential bias.

While the Court has no doubt that Topeka is home to many state government employees, Plaintiff cites no authority or data to support that the jury pool in Topeka is insufficiently large and diverse to avoid prejudice in this case against a state agency.  The Court is not persuaded that Plaintiff would be unable to obtain a fair trial in Topeka.

---

[20] Doc. 15 at 4.

### D. Other Considerations

Under this last factor, Defendant asks the Court to consider the location of its counsel in Topeka as supporting a change in the trial location.[21] Defendant argues that Plaintiff's counsel's location in Kansas City does not support Plaintiff's choice of trial location because counsel's office location is "the only piece of this case with any ties to Kansas City,"[22] whereas Topeka is home to both defense counsel and several witnesses. The Court is not as concerned with the convenience of either party's counsel as with the convenience of the witnesses. Unlike the convenience of the witnesses, the convenience of counsel is afforded minimal weight when ruling on a § 1404(a) transfer.[23] However, the majority of the witnesses in this case live closer to Topeka than to Kansas City, as set forth above.

The Court finds that the § 1404(a) factors favor designating Topeka, rather than Kansas City, as the place of trial.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion for Determination of Trial (Doc. 12) is **granted.** The trial of this matter shall take place in Topeka.

**IT IS SO ORDERED.**

Dated: September 30, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[21] The parties make no argument regarding the relative levels of docket congestion in Kansas City and Topeka.

[22] Doc. 16 at 5.

[23] *See, e.g.*, *Gardiner v. McBryde*, No. 15-3151-DDC, 2021 WL 1140365, at *3 (D. Kan. Mar. 25, 2021) (citations omitted); *Barge v. O'Malley's Inc.*, No. 20-2035-DDC-GEB, 2020 WL 7186146, at *6 (D. Kan. Dec. 7, 2020) ("[T]he Court views the location of counsel as less important to the analysis, as have many other courts in this District." (collecting cases)).